# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| JESTER TAGGART,<br>CDCR #F-29271,<br><br>                          Plaintiff,<br><br>                    vs.<br><br>DR. JACK ST. CLAIR, et al.,<br><br>                          Defendants. | Civil No.    08-0861 RTB (NLS)<br><br>**ORDER SUA SPONTE DISMISSING<br>COMPLAINT FOR FAILING TO STATE<br>A CLAIM PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On June 19, 2008, Plaintiff, an inmate currently incarcerated at the Sierra Conservation Center located in Jamestown, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].  The Court granted Plaintiff's Motion to Proceed *IFP* on July 18, 2008 [Doc. No. 5].

1   On November 25, 2008, this matter was reassigned to District Judge Roger T. Benitez

2 for all further proceedings [Doc. No. 9].

3                 **II.**

4      **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

5   The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints

6 filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or

7 detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations

8 of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

9 program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

10 Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any

11 portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages

12 from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*,

13 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d

14 443, 446 (9th Cir. 2000) (§ 1915A).

15   Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

16 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is

17 frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

18 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

19 an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

20 the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection

21 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

22 that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

23 (discussing 28 U.S.C. § 1915A).

24   "[W]hen determining whether a complaint states a claim, a court must accept as true all

25 allegations of material fact and must construe those facts in the light most favorable to the

26 plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

27 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

28 duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In his Complaint, Plaintiff alleges that "through the period of July 2006 through December 2007" the seven named Defendants "failed to respond to my medical situation." (Compl. at 3.) Plaintiff attaches to his Complaint the First Level Response to his administrative grievances which details the examinations and tests Plaintiff has received during the above mentioned time frame. (*See* Compl., Exhibit "A." First Level Response, Log No. SCC-X-07-01393 dated December 10, 2007.)

In order to assert a claim under the Eighth Amendment for inadequate medical care, Plaintiff must show that each individual prison doctor and medical staff member that he seeks to sue were "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Lopez v. Dep't of Health Services*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (holding that private physicians who contract with prisons to provide specialized medical services to indigent prisoners act under color of state law).

In order to show deliberate indifference, an inmate must allege sufficient facts to indicate (1) that his medical need is "serious" and (2) that prison officials acted or failed to act in light of that need with a "culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). While Plaintiff's allegations may be sufficient to allege a serious medical need, he has failed to allege facts sufficient to demonstrate that any of the named Defendants were deliberately indifferent to that serious medical need. The exhibits attached to Plaintiff's Complaint demonstrate that he was seen repeatedly by many different prison medical officials, provided

1   with a number of tests, diagnosed with a heart and gastrointestinal problem and prescribed

2   medication to relieve his symptoms. (*See* Compl., Exhibit A.) Plaintiff is seeking a transfer to

3   another facility that has "specialized required medical treatment" or an "outside independent

4   specialized facility." (Compl. at 3.)

5          The indifference to medical needs rising to an Eighth Amendment claim must be

6   substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount

7   to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332,

8   1334 (9th Cir. 1990). Plaintiff's claims against the named Defendants amounts to no more than

9   a difference of opinion between medical professionals and their patient, and as such, is

10  insufficient to show the "deliberate indifference" required to support a claim of cruel and

11  unusual punishment under the Eighth Amendment. *See Jackson v. McIntosh*, 90 F.3d 330, 332

12  (9th Cir. 1996) (finding difference of opinion between a physician and prisoner concerning the

13  appropriate course of treatment does not amount to deliberate indifference); *Sanchez v. Vild*, 891

14  F.2d 240, 242 (9th Cir. 1989).

15         Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim

16  upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.

17  §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend

18  his pleading to cure the defects set forth above.

19                                              **III.**

20                                    **CONCLUSION AND ORDER**

21         Good cause appearing, **IT IS HEREBY ORDERED** that:

22         Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice for failing to state

23  a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

24  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed"

25  in which to file a First Amended Complaint which cures all the deficiencies of pleading noted

26  above. Defendants not named and all claims not re-alleged in the Amended Complaint will be

27  deemed to have been waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

28  / / /

1    Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

2  may be granted, it may be dismissed without further leave to amend and may hereafter be

3  counted as a "strike" under 28 U.S.C. § 1915(g).  See McHenry v. Renne, 84 F.3d 1172, 1177-

4  79 (9th Cir. 1996).

5    IT IS SO ORDERED.

6  Dated:  January 13, 2009

7  _____

8  Hon. Roger T. Benitez
   United States District Judge